IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Johnny Garcia on Behalf of Himself and All Others Similarly Situated, <br>     Plaintiffs <br><br> v. <br><br> Lake County Security Patrol Officer, Inc. FKA Lake County Patrol, Inc. <br>     Defendant. | § § § § § § § § § § | CIVIL ACTION NO. 4:17-cv-856 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff Johnny Garcia on Behalf of Himself and All Others Similarly Situated ("Plaintiffs"), files this Original Complaint against Defendant, Lake County Security Patrol Officer, Inc. FKA Lake County Patrol, Inc., and would respectfully show as follows:

### SUMMARY

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. 206(a) & 207(a).

2. Plaintiff Johnny Garcia is a non-exempt employee who worked more than forty (40) hours in a workweek as a security patrolman for Lake County Security Patrol Officer, Inc. FKA Lake County Patrol, Inc. ("Lake County").

3. Defendant violated the FLSA by failing to pay its employees, including Plaintiffs, time and one-half for each hour worked in excess of forty (40) per work week. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under

29 U.S.C. § 206 and § 216(b).

4.      Upon information and belief, Defendant, likewise, does not pay proper overtime to other similarly situated workers throughout the United States. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendant.  Members of the Collective Action are hereinafter referred to as "Class Members."

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff Johnny Garcia is an individual currently residing in Harris County, Texas. Garcia was an employee of Defendant within the meaning of the FLSA. Garcia's written consent form to this action is attached hereto as Exhibit "A."

6.      The Class Members are all of the Defendants' current and former employees who were compensated on a straight hourly rate throughout the Texas during the three-year period prior to the filing of this Complaint up to the present. The Class Members are similarly situated employees who are/were not paid time and one-half for each hour worked in excess of a forty (40) per work week.

7.      Defendant Lake County Security Patrol Officer, Inc. FKA Lake County Patrol, Inc. is a corporation duly formed under the laws of the state of Texas, doing business in the state of Texas. Lake County is an employer under the FLSA and acted as such in relation to Plaintiffs and Class Members.  It may be served through its registered agent Jose C. Velasquez at 6601 Hillcroft, Suite 220, Houston, Texas 77081, or wherever he may be found.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.      Venue is proper in the Southern District of Texas, Houston Division because the

Defendant's principal place of business is in Houston.

## COVERAGE

10. At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203 (d).

11. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

13. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.

14. Defendant provided training to Plaintiffs and Class Members, controls and has knowledge of the hours to be worked by Plaintiffs and Class Members, and directs the work of Plaintiffs and Class Members. Defendant maintains communications with Plaintiffs and Class Members and receives updates as to the status of their work and control how each assigned task is to be performed by Plaintiffs and Class Members.

## FACTS

15. Defendant provides fully armed and unarmed security guards, bodyguards, and private investigation services, and it employs Plaintiffs and Class Members to perform one portion of these services.

16. Plaintiffs and Class Members are and/or were employed as security guards or patrolmen.

17. As security personnel, Plaintiffs and Class Members' primary duties include, but are not

limited to, patrolling facilities to which Lake County assigned them.

18. Accordingly, Plaintiffs and Class Members' primary job duties at all times were those of non-exempt employees. Defendant required that Plaintiffs and Class Members undergo various levels of training and be tested in firearm proficiency.

19. During the relevant time period, Defendant compensated Plaintiffs and Class Members a flat hourly rate. Plaintiffs are paid this hourly rate for each hour completed during a two-week period. However, Plaintiffs and Class Members are regularly required to work in excess of 40 hours, but for any hours over 40, Defendant failed to pay overtime in accordance with the FLSA. Given the flat hourly rate and that no exemption applies to Plaintiffs and Class Members, Plaintiffs and Class Members should have been paid one and one-half their hourly rate for any hours worked in excess of 40. Instead, they are required to work over 40 hours per week without receiving the required overtime compensation as mandated by the FLSA based on their effective rate pursuant to the FLSA.

20. Given that Defendant improperly implemented a payment method, the Plaintiffs and Class Members were denied overtime at the rates mandated under the FLSA.

21. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek.

23. Other employees similarly situated to Plaintiffs work or have worked for Defendant, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

24. Although Defendant permitted and/or required the Class Members to work in excess of

forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

25. The Class Members perform or have performed the same or similar work as the Plaintiffs and regularly work or have worked in excess of forty (40) hours during a workweek. Similar to Plaintiffs, Class Members are not exempt from receiving overtime at the federally-mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wage.

26. Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and it does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

27. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

28. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

29. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> *The Class Members are all of Defendant's current and former employees employed as security patrol persons and who were paid pursuant to a straight hourly rate with no overtime premium for hours worked beyond 40 hours before the filing of this Complaint up to the present.*

## VIOLATION OF 29 U.S.C. § 207

30. Plaintiffs and Class Members incorporate all allegations contained in the foregoing

paragraphs.

31. Defendant's practice of failing to pay Plaintiffs and Class Members the time-and-a-half based on Plaintiffs' regular rate of pay for hours in excess of a forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

32. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiffs and Class Members.

## WILLFUL VIOLATIONS OF THE FLSA

33. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and Class Members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

34. Upon information and belief, Defendant Lake County is a Houston-based security patrol company. As such, Lake County is a sophisticated business with the knowledge and expertise to know that the payment structure of the Plaintiffs and Class Members is impermissible under the FLSA.

35. Plaintiffs and Class Members request this Court permit recovery for any claims within the last three years from the filing of this suit. 29 USC § 255(a).

## WAGE DAMAGES SOUGHT

36. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

37. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 USC § 216(b).

38. Plaintiffs and Class Members are entitled to recover attorney's fees and costs as required

by the FLSA. 29 USC § 216(b).

## JURY DEMAND

39. Plaintiffs and Class Members hereby demand trial by jury on all issues.

## ATTORNEY FEES

40. Plaintiffs and Class Members are entitled to recover their reasonable attorney's fees, costs and expenses of this action as provided by the FLSA. 29 USC § 216(b).

## PRAYER

41. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Issuance of notice as soon as possible to all similarly situated employees of Defendant during any portion of the three years immediately preceding the filing of this lawsuit, informing them of their rights to participate in the lawsuit if they should so desire;

   b. Award Plaintiffs and Class Members unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

   c. Award Plaintiffs and Class Members an equal amount of unpaid wages as liquidated damages as required under the FLSA;

   d. Award Plaintiffs and Class Members reasonable attorney fees, costs, and expenses of this action as provided by the FLSA;

   e. Award Plaintiffs and Class Members prejudgment and post-judgment interest;

   f. An order requiring Defendant to correct its pay practices going forward; and

   g. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/ Charles M. R. Vethan
Charles M.R. Vethan
State Bar No. 00791852
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

ATTORNEY IN CHARGE FOR PLAINTIFFS & CLASS MEMBERS