IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Johnny Garcia on Behalf of Himself and All Others Similarly Situated,<br>    Plaintiffs | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:17-cv-856 |
| Lake County Security Patrol Officer, Inc. FKA Lake County Patrol, Inc.<br>    Defendant. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR TURNOVER AFTER JUDGMENT
AND FOR APPOINTMENT OF RECEIVER**

TO THE HONORABLE JUDGE KEITH P. ELLISON:

Plaintiff/Judgment Creditor, Johnny Garcia ("Plaintiff" or "Garcia") applies to this Court for aid in collecting an unsatisfied Final Judgment rendered in its favor against Defendant/Judgment Debtor, Lake County Security Patrol Officer, Inc. FKA Lake County Patrol, Inc. ("Defendant" or "LCSPO"), for appointment of a Receiver for LCSPO, and would respectfully show the Court as follows:

### I.   INTRODUCTION

1.   Plaintiff sued LCSPO on March 17, 2017 because Defendant failed to pay overtime compensation to Plaintiff in violation of the Federal Fair Labor Standards Act ("FLSA"). (Dkt. 1). Plaintiff obtained a default judgment against Defendant on March 16, 2018. (Dkt. 17). The Court awarded Plaintiff $7,215 in unpaid overtime and $7,215 in liquidated damages, plus interest. (Dkt. 17). On June 1, 2018, this Honorable Court awarded Plaintiff $10,995 in attorney's fees and $891.55 in costs. (Dkt. 21).

2.   LCSPO is a card in an elaborate game of Three-card Monte where the "mark"—in this case, a judgment creditor—never has a chance to collect. The cards in this game are various

corporate and assumed named entities created by Defendant's principal owners over the last thirteen (13) years. These businesses go by the names "Lake County Patrol" (an assumed name); "Lake County Patrol, Inc." (a corporation); "Lake County Security Patrol Officer" (an assumed name); "Lake County Security Patrol Officer, Inc." (a corporation); "Lake County Security" (an assumed name); and "Lake County Security, Inc." (a corporation) (collectively, the "Lake County Entities"). Until recently, all of the Lake County Entities were operating from the same address: 6601 Hillcroft, Suite 220, Houston, Texas 77081.

## II.  LIST OF EXHIBITS

**Exhibit A** – Lake County Security, Inc.'s Certificate of Formation

**Exhibit B** – Lake County Security Assumed Name Certificate of Ownership

**Exhibit C** – Lake County Patrol I Assumed Name Certificate of Ownership

**Exhibit D** – Lake County Patrol I Withdrawal of Assumed Name

**Exhibit E** – Lake County Patrol II Assumed Name Certificate of Ownership

**Exhibit F** – Lake County Patrol II Withdrawal of Assumed Name

**Exhibit G** – Lake County Patrol III Assumed Name Certificate of Ownership

**Exhibit H** – Lake County Patrol III Withdrawal of Assumed Name

**Exhibit I** – Lake County Patrol, Inc.'s Articles of Incorporation

**Exhibit J** – Lake County Patrol, Inc.'s Assumed Name Certificate of Ownership

**Exhibit K** – Lake County Patrol, Inc.'s Certificate of Termination

**Exhibit L** – Lake County Security Patrol Officer I Assumed Name Certificate of Ownership

**Exhibit M** – Lake County Security Patrol Officer I Withdrawal of Assumed Name

**Exhibit N –** Lake County Security Patrol Officer II Assumed Name Certificate of Ownership

**Exhibit O –** Lake County Security Patrol Officer II Withdrawal of Assumed Name

**Exhibit P –** Lake County Security Patrol Officer, Inc.'s Certificate of Formation

**Exhibit Q –** Lake County Security Withdrawal of Assumed Name

**Exhibit R** – Lake County Security License

**Exhibit S** – The Helmrich Suit Judgment Against Lake County Patrol, Inc.

**Exhibit T** – Department of Public Safety Company Details Search Results

**Exhibit U** – Note from Don Mafrige Real Estate

**Exhibit V** – Pictures of 6601 Hillcroft Directory

**Exhibit W** – Garcia's Original Petition in his TUFTA Case

**Exhibit X** – Discovery Responses in Garcia's TUFTA Case

**Exhibit Y** – Google Maps' Images

### III.   FACTUAL BACKGROUND

3.  Plaintiffs served LCSPO on June 15, 2017, by affixing the citation, a copy of the petition, and a copy of the order authorizing substituted services on the front door of Defendant's address. (Dkt. 13). Four (4) days later, on June 19, 2019, Wendy Sanchez ("Mrs. Sanchez"), one of the Lake County Entities' principal owners, filed a Certificate of Formation with the Texas Secretary of State thereby forming a company named Lake County Security, Inc. ("LCS"). A true and correct copy of LCS' Certificate of Formation is attached hereto as **Exhibit A** and is incorporated herein by reference for all purposes.

4.  Mrs. Sanchez had been doing business under an assumed name certificate as Lake County Security since October 12, 2016. A true and correct copy of the Lake County Security Assumed Name Certificate of Ownership is attached hereto as **Exhibit B** and is incorporated herein by reference for all purposes. Lake County Security listed its business address on the assumed name certificate as 6601 Hillcroft, Suite 220, Houston, Texas 77081 (the "6601

Hillcroft Address"), the identical business address of LCSPO. *See* **Exhibit B**. When LCS filed its Certificate of Formation, however, it identified its new business address as 6633 Hillcroft, Suite 234, Houston, Texas 77081 (the "6633 Hillcroft Address"). *See* **Exhibit A**.

5. This latest incarnation of a Lake County Entity, LCS, is a transparent attempt to transfer Lake County Entity assets while simultaneously avoiding judgment creditors. This practice of creating new entities to frustrate judgement creditors' collection efforts is the Lake County Entities' modus operandi. The Lake County Plan is simple, upon receiving notice of suit (1) create a new security company with a similar name to continue business operations and (2) ignore the pending litigation so that by the time a judgment is obtained all of the assets that could be subject to execution and levy are held by the new Lake County Entity.

A. **The History of the Lake County Entities**

6. The Lake County Entities have gone through multiple iterations, as shown below:

a. Lake County Patrol (assumed name) ("Lake County Patrol I")[1]
   i. Filing Date: March 17, 2006
   ii. Owner: Miguel A. Sanchez
   iii. Address 10214 Belcamp Ct.
   iv. Withdrawn July 25, 2007[2]

b. Lake County Patrol (assumed name) ("Lake County Patrol II")[3]
   i. Filing Date: July 25, 2007
   ii. Owner: Frank Ray Cobas
   iii. Address: 6601 Hillcroft, Suite 220
   iv. Withdrawn: May 28, 2008[4]

c. Lake County Patrol (assumed name) ("Lake County Patrol III")
   i. Filing Date: May 28, 2008[5]

---

[1] A true and correct copy of the Lake County Patrol I Assumed Name Certificate of Ownership is attached hereto as **Exhibit C** and is incorporated herein by reference for all purposes.
[2] A true and correct copy of the Lake County Patrol I Withdrawal Notice of Assumed Name is attached hereto as **Exhibit D** and is incorporated herein by reference for all purposes.
[3] A true and correct copy of the Lake County Patrol II Assumed Name Certificate of Ownership is attached hereto as **Exhibit E** and is incorporated herein by reference for all purposes.
[4] A true and correct copy of the Lake County Patrol II Withdrawal Notice of Assumed Name is attached hereto as **Exhibit F** and is incorporated herein by reference for all purposes.

      ii. Owner: Miguel A. Sanchez
     iii. Address: 6601 Hillcroft, Suite 220
     iv. Withdrawn: June 6, 2008[6]

   d. Lake County Patrol, Inc. (corporation) ("LCP")
      i. Registration Date: May 30, 2008[7]
     ii. Registered Agent, Director, Incorporator: Miguel A. Sanchez[8]
     iii. Address: 6601 Hillcroft, Suite 220[9]
     iv. Assumed name certificate to d/b/a Lake County Patrol Filed June 6, 2008[10]
     v. Certificate of Termination filed on August 12, 2013[11]

   e. Lake County Security Patrol Officer (assumed name) ("Lake County Security Patrol Officer I")[12]
      i. Filing Date: May 17, 2010
     ii. Owner: Miguel A. Sanchez
     iii. Address: 6601 Hillcroft, Suite 220
     iv. Withdrawn: March 13, 2012[13]

   f. Lake County Security Patrol Officer (assumed name) ("Lake County Security Patrol Officer II")[14]
      i. Filing Date: March 13, 2012
     ii. Owner: Jose C. Velasquez
     iii. Address: 6601 Hillcroft, Suite 220
     iv. Withdrawn: April 18, 2012[15]

   g. Lake County Security Patrol Officer, Inc. (corporation) ("LCSPO")[16]
      i. Registration Date: March 22, 2012

---

[5] A true and correct copy of the Lake County Patrol III Assumed Name Certificate of Ownership is attached hereto as **Exhibit G** and is incorporated herein by reference for all purposes.

[6] A true and correct copy of the Lake County Patrol III Withdrawal Notice of Assumed Name is attached hereto as **Exhibit H** and is incorporated herein by reference for all purposes.

[7] A true and correct copy of Lake County Patrol, Inc.'s Articles of Incorporation is attached hereto as **Exhibit I** and is incorporated herein by reference for all purposes.

[8] *See* **Exhibit I**.

[9] *Id*.

[10] A true and correct copy of Lake County Patrol Inc.'s Assumed Name Certificate of Ownership is attached hereto as **Exhibit J** and is incorporated herein by reference for all purposes.

[11] A true and correct copy of Lake County Patrol Inc.'s Certificate of Termination is attached hereto as **Exhibit K** and is incorporated herein by reference for all purposes.

[12] A true and correct copy of the Lake County Security Patrol Officer I Assumed Name Certificate of Ownership is attached hereto as **Exhibit L** and is incorporated herein by reference for all purposes.

[13] A true and correct copy of the Lake County Security Patrol Officer I Withdrawal Notice of Assumed Name is attached hereto as **Exhibit M** and is incorporated herein by reference for all purposes.

[14] A true and correct copy of the Lake County Security Patrol Officer II Assumed Name Certificate of Ownership is attached hereto as **Exhibit N** and is incorporated herein by reference for all purposes.

[15] A true and correct copy of the Lake County Security Patrol Officer II Withdrawal Notice of Assumed Name is attached hereto as **Exhibit O** and is incorporated herein by reference for all purposes.

[16] A true and correct copy of Lake County Security Patrol Officer, Inc.'s Certificate of Formation is attached hereto as **Exhibit P** and is incorporated herein by reference for all purposes.

      ii. Registered Agent, Director, Organizer: Jose C. Velasquez
      iii. Address: 6601 Hillcroft, Suite 220

  h. Lake County Security (assumed name)[17]
      i. Filing Date: October 12, 2016
      ii. Owner: Wendy Y. Sanchez (married to Miguel A. Sanchez)
      iii. Address: 6601 Hillcroft, Suite 220
      iv. Withdrawn: August 7, 2017[18]

  i. Lake County Security Inc. (corporation) ("LCS")[19]
      i. Registration Date: June 19, 2017
      ii. Registered Agent, Director, Organizer: Wendy Y. Sanchez
      iii. Address: 6633 Hillcroft, Suite 234
      iv. Consent to Use Similar Name, whereby LCSPO consents to the use Lake County Security Inc. as the name of LCS.[20]
      v. The Texas Department of Public Safety lists the LCS stakeholders as both Miguel A. Sanchez and his wife, Wendy Y. Sanchez.[21]

7. On June 19, 2017, four (4) days after Defendant was served with the citation, a copy of the complaint, and a copy of the signed order substituting service, Mrs. Sanchez filed a Certificate of Formation for the sixth Lake County entity, LCS. Mrs. Sanchez listed LCS's new address as 6633 Hillcroft, Suite 234, which is the building next door to 6601 Hillcroft and is part of the same three-building complex at the corner of Hillcroft and Clarewood Drive.[22] Lake County Security, Inc. is the most recent Lake County Entity.

## B. New Lake County Entities are Formed Before a Judgment is Rendered

8. The Lake County Entities have figured in three lawsuits that Plaintiff is aware of at the time of filing this motion. In each instance, a new Lake County Entity is formed during the litigation and shortly before a judgment is rendered against the Lake County Entity that is

---

[17] *See* **Exhibit B**.
[18] A true and correct copy of the Lake County Security Withdrawal Notice of Assumed Name is attached hereto as **Exhibit Q** and is incorporated herein by reference for all purposes.
[19] *See* **Exhibit A**.
[20] *See* **Exhibit A** P. 4.
[21] A true and correct copy of the Lake County Security License from the Department of Public Safety Website is attached hereto as **Exhibit R** and is incorporated herein by reference for all purposes.
[22] A true and correct copy of Google Maps' Directions from the 6601 Hillcroft Address to the 6633 Hillcroft Address is attached hereto as **Exhibit Y** and is incorporated herein by reference for all purposes.

defending against a suit.

      **a.**      <u>**The Helmrich Suit**</u>

9. Philip Helmrich sued Lake County Patrol, Inc. on October 11, 2010 in *Cause No. 2010-66816, styled Philip C Helmrich et al v. Enterprise Operating Company, d/b/a The St. James Caberel and Restaurant, Lake County Patrol, Inc. d/b/a Lake County Patrol, et al,* in the 133rd Judicial District Court of Harris County Texas (the "Helmrich Suit").

10. Seven (7) months prior to the Helmrich Suit, Miguel A. Sanchez ("Mr. Sanchez") filed his assumed name certificate to do business as Lake County Security Patrol Officer from the 6601 Hillcroft Address. *See* **Exhibit L**. While the suit was pending, Mr. Sanchez withdrew his assumed name certificate on March 13, 2012, and Jose C. Velasquez ("Velasquez") filed an assumed name certificate to do business as Lake County Security Patrol Officer at the same 6601 Hillcroft Address. *See* **Exhibit M** and **Exhibit N**. Days later, Velasquez incorporated LCSPO on March 22, 2012. *See* **Exhibit P**. Then, Velasquez withdrew the assumed name certificate for Lake County Security Patrol Officer on April 18, 2012. *See* **Exhibit O**

11. On June 14, 2013 the district court entered a judgment against Lake County Patrol, Inc. A true and correct copy of the Judgment in the Helmrich Suit is attached hereto as **Exhibit S** and is incorporated herein by reference for all purposes. Mr. Sanchez terminated LCP's corporate existence on August 12, 2013, a mere two (2) months after judgment was entered against it in the Helmrich Suit. *See* **Exhibit K**. Nonetheless, Velasquez continued doing business under a very similar name, Lake County Security Patrol Officer, Inc., using the same address and, according to the Texas Department of Public Safety Board of Private Security records, at least some of the same employees as the former LCP. A true and correct copy of the Department of Public Safety Company Details Search Results is attached hereto as **Exhibit T**

and is incorporated herein by reference for all purposes.

### b.     The Hamo Suit

12.     Mahmood Khalef Hamo filed suit against Lake County Security Patrol Officer, Inc. on April 6, 2017, in Cause No. 2017-23524, styled: *Mahood Khalef Hamo v. Lake County Security Patrol Officer, Inc., Wendy Y. Sanchez d/b/a Lake County Security, and Steve Ford, Jr. d/b/a Airport Recreation Gameroom*; in the 269th District Court of Harris County (the "Hamo Suit"). Lake County Patrol Officer did not file an answer. However, on May 3, 2017, after being served in the Hamo Suit, on information and belief, LCSPO, sought to move to 6633 Hillcroft, Suite 234, "ASAP." A true and correct copy of a note recovered from the landlord of the 6601 Hillcroft Address and the 6633 Hillcroft Address, Don Mafrige Real Estate, from Don Mafrige Real Estate is attached hereto as **Exhibit U** and is incorporated herein by reference for all purposes.

13.     Prior to the Hamo Suit, as well as this FLSA lawsuit, Mrs. Sanchez filed an assumed name certificate on October 12, 2016, to do business as Lake County Security. *See* **Exhibit B**. On October 17, 2017, the district court entered an interlocutory default judgment as to liability against Lake County Security Patrol Officer and subsequently entered a final default judgment on October 24, 2018. A few months prior to this default judgment, Mrs. Sanchez incorporated LCS and withdrew the Lake County Security assumed name on June 19, 2017 and August 7, 2017 respectively. *See* **Exhibit A** and **Exhibit Q**. The Lake County Entity defendant in the Hamo Suit, LCSPO, and Mrs. Sanchez's Lake County Security assumed name maintained the same 6601 Hillcroft Address. *See* **Exhibit P** and **Exhibit B**. The new Lake County corporation, LCS, listed its address as the 6633 Hillcroft Address referenced in **Exhibit U**, which is next door to the 6601 Hillcroft building and part of a three-building complex. *See* **Exhibit A**.

14. This was similar to what occurred in the Helmrich Suit, where Velasquez created a Lake County Corporate Entity shortly before a judgment was rendered against Mr. Sanchez's Lake County Corporate Entity. In the Hamo Suit, Mr. Sanchez's wife, Mrs. Sanchez, returns the favor by creating LCS during the pending litigation, shortly before default judgment is rendered.

c. **The Garcia Litigation**

15. Less than a month before the Hamo Suit, Johnny Garcia filed this FLSA lawsuit on March 17, 2017. (Dkt. 1). Just as in the Hamo Suit, Lake County Security Patrol Officer, Inc. did not file an answer. As previously mentioned, the date Mrs. Sanchez incorporated LCS, June 19, 2019, was a mere four (4) days after Garcia successfully served Defendant. Incredibly, Lake County Security Patrol Officer, Inc. *consented* to LCS' use of its similar name. *See* P. 4 of **Exhibit A**. This Honorable Courted entered a final default judgment against Defendant, LCSPO, on March 16, 2018, and awarded attorney's fees on June 1, 2018 (collectively the "Final Judgment"). (Dkt. 17 and Dkt. 21).

16. Although LCSPO is still listed as an active corporation, it is not operating out of the 6601 Hillcroft Address; rather, an entirely different business is operating out of the address. On information and belief, a business by the name of Asifiwe Tax Services is operating out of the 6601 Hillcroft Address. A fair and accurate depiction of the 6601 Hillcroft Building Directory, as of June 11, 2019, is attached hereto as **Exhibit V** and is incorporated herein by reference for all purposes.

17. Plaintiff served post-judgment discovery requests on LCSPO on October 2, 2018; Defendant never responded.

18. Also on October 2, 2018, Garcia filed suit against LCSPO, LCS, Velasquez, Mr. Sanchez, and Mrs. Sanchez for violations of The Texas Uniform Fraudulent Transfer Act

("TUFTA") in the Harris County District Court. A true and correct copy of Garcia's Original Petition in Case No. 2018-70159 (the "TUFTA Case") is attached hereto as **Exhibit W** and is incorporated herein by reference for all purposes. That suit alleges that Defendant LCSPO (which has acquired all of LCP's business and assets) transferred all its employees, assets, accounts receivable, and books of business to the new entity to LCS effectively leaving LCSPO an empty shell, which is done in fraud against Garcia because the transfer was made with the intent to hinder, delay, or defraud Garcia, who is a judgment creditor, and avoid the effect of this Honorable Court's default judgment against LCSPO.

19. Defendant is part of a scheme designed to systematically avoid judgments against the Lake County Entities by creating new entities, via insiders, and fraudulently transferring assets to hinder, delay, or defraud Plaintiff and avoid this Honorable Court's default judgment against LCSPO.

### IV.    REQUEST FOR RELIEF

20. Plaintiff requests this Court to appoint a Receiver with power and authority to locate, take possession, and sell all nonexempt assets of Defendant Lake County Security Patrol Officer, Inc. and to apply the proceeds thereof to satisfy the Final Judgment rendered in this case.

### V.    ARGUMENTS & AUTHORITIES

**A.   Rule 69 Permits Application of State Procedures to Enforce Money Judgments**

21. This Court has the power and authority to grant the requested relief pursuant to Rule 69 of the FEDERAL RULES OF CIVIL PROCEDURE. Rule 69 provides in pertinent part "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution —must accord with the procedure of the state where the court is located, but a federal

statute governs to the extent it applies." FED. R. CIV. P. 69 (a) (1).

22. Accordingly, Rule 69 grants this Court with authority to aid Plaintiff in seeking satisfaction of its Final Judgment by providing that the Court is not limited to a writ of execution and may "direct otherwise" a procedure on the execution of a money judgment that is in "accord with the procedure" afforded under Texas law.

B. **Texas Law Permits Appoint of a Receiver to Seek a Turnover**

23. Section 31.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE provides in pertinent part:

Sec. 31.002. Collection of Judgment Through Court Proceeding:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities:

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c) The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

(e) The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

    (f)    A court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute9 including Section 42.0021, Property Code. This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.

    (g)    With respect to turnover of property held by a financial institution in the name of or on behalf of the judgment debtor as customer of the financial institution, the rights of a receiver appointed under Subsection (b)(3) do not attach until the financial institution receives service of a certified copy of the order of receivership in the manner specified by Section 59.008, Finance Code.

    (h)    A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover.

24. Accordingly, this Court is authorized to appoint a Receiver, vested with the power and authority to locate, take possession, and sell all nonexempt assets of Lake County Security Patrol Officer, Inc. and to apply the proceeds thereof to satisfy the Final Judgment.

## VI.   PRAYER

25. THEREFORE, pursuant to Rule 69 of the FEDERAL RULES OF CIVIL PROCEDURE and pursuant to Section 31.002 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiff respectfully requests that this Court:

    a. appoint a Receiver with power and authority to locate, seize, and sell all of Defendant's nonexempt assets including, but not limited to, cash and contents in all accounts of all financial institutions and to apply the proceeds to satisfy Plaintiff's Final Judgment;

    b. order Defendant to pay the Receiver 25% of any recoveries made by the Receiver as compensation and that such compensation be paid as taxable costs in addition to the Final Judgment amount owed by Defendant; and

    c. order Defendant to pay reasonable attorney fees in the amount of at least $750 for

preparing and urging this motion as authorized by Chapter 31.002 of the Texas Civil Practice and Remedies Code.

        Respectfully submitted,

        THE VETHAN LAW FIRM, PC

        By: /s/ *Charles M. R. Vethan*
        Charles M.R. Vethan
        State Bar No. 00791852
        Two Memorial City Plaza
        820 Gessner Road, Suite 1510
        Houston, TX 77024
        Telephone: (713) 526-2222
        Facsimile: (713) 526-2230
        Email: edocs@vwtexlaw.com

        Joseph L. Lanza
        State Bar No. 00784447
        11459 Huebner, Suite 101
        San Antonio, Texas 78230
        Telephone: (210) 824-2220
        Facsimile: (713) 526-2230
        Email: edocs@vwtexlaw.com
        **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of this Request for Entry of Default was sent on August 21, 2019 via certified mail, return receipt requested, and again by certified mail, but no return receipt requested:

| | |
|---|---|
| Lake County Security Patrol Officer, Inc.<br>FKA Lake County Patrol, Inc.<br>c/o Jose C. Velasquez, Registered Agent<br>6633 Hillcroft St., Suite 234 | *Via Certified Mail* |
| Lake County Security Patrol Officer, Inc.<br>FKA Lake County Patrol, Inc.<br>c/o Jose C. Velasquez, Registered Agent<br>6601 Hillcroft St., Suite 220 | *Via Certified Mail* |

/s/ *Joseph L. Lanza*
Joseph L. Lanza